IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL QUINTANILLA, | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| | § | No. 1:26-CV-01837-DAE |
| v. | § | |
| | § | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al*., | § | |
| | § | |
| | § | |
| *Respondents*. | | |

ORDER FOR SUPPLEMENTAL BRIEFING

Before the Court is Petitioner Miguel Angel Quintanilla's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("the Petition") (Dkt. # 1), and Federal Respondents' Response (Dkt. # 5). The Court requires more information before it can rule on the Petition.

**IT IS THEREFORE ORDERED** that, **within fourteen (14) days of receipt of this Order**, Petitioner shall file supplemental briefing with answers to the following questions:

1. Federal Respondents indicate Petitioner was detained after pleading guilty to a second-degree felony charge for assault with a deadly weapon. Please provide further details for the Court on the circumstances surrounding Petitioner's apprehension by immigration authorities.

2. Was this Petitioner's only criminal history? If there is additional criminal history, please describe and indicate whether any charges remain pending.

3. Please describe further what connections has Petitioner established with the United States, if any, and the ways in which Petitioner has engaged with his community here. Petitioner need not provide any identifying details, such as the names or addresses of residences or places of employment, but may instead write generally about his connections to his community.

4. When did Petitioner first enter the United States?

5. At Petitioner's time of entry, was he apprehended by immigration authorities? If so, how long was he detained and when was he released?

6. Furthermore, if he was apprehended upon entry and released, was he released under (i) a grant of humanitarian parole pursuant to the Immigration and Nationality Act ("INA") § 212(d)(5)(A); or (ii) an order releasing him on his own recognizance? Please provide documentation if available.

7. Has Petitioner remained continuously in the United States since he first entered? If not, when was his most recent entry to the United States?

8. Does Petitioner have family in the United States? Does Petitioner have any United States Citizen or lawful permanent resident family members?

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, July 15, 2026.

David Alan Ezra
Senior United States District Judge